UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **R A C M L L C** | **CASE NO. 2:21-CV-03580** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GLAD TIDINGS ASSEMBLY OF GOD CHURCH OF LAKE CHARLE** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Plaintiff's Complaint with Prejudice" (Doc. 7) wherein Defendant, Glad Tidings Assembly of God Church of Lake Charles ("Glad Tidings") moves to dismiss Plaintiff, RACM, LLC's d/b/a ServPro of Saginaw ("ServPro") claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Glad Tidings maintains that because RACM, LLC was not licensed at the time it entered into the contract, the contract is an absolute nullity.

## BACKGROUND

On or about August 27, 2020, Hurricane Laura made landfall causing significant storm and water damage to Defendant, Glad Tidings church and daycare.[1] On September 5, 2020, Glad Tidings and Plaintiff, ServPro, executed a contract titled "Extreme Team Saginaw Authorization and Service Contract" ("Contract") for carpet removal, drywall work, contents storage and disposition, ceiling tile and grid removal, pew removal, glue

---

[1] Plaintiff's Amended Complaint, ¶ 6, Doc. 10.

removal, woodwork, air scrubber usage, water remediation, structural drying, and selective demolition.[2]

ServPro commenced work at the church and daycare on September 7, 2020; the work was substantially completed on or about September 30, 2020.[3] On December 14, 2020, Glad Tidings paid ServPro $1,500,000. On December 17, 2020, ServPro presented Glad Tidings two invoices: (1) Glad Tidings Preschool-Lake Charles, La for $1,242,543.87 and (2) Glad Tidings Church for $2,862,378.98.[4] Both invoices were due February 1, 2021.[5] Glad Tidings has refused to pay ServPro any further payments despite having received from its insurer's third-party administrator, Sedgwick, payments for ServPro's invoices, as adjusted by Sedgwick.[6]

Glad Tidings moves to dismiss the complaint because at the time the parties executed the contract, ServPro was not licensed as a contractor in the state of Louisiana as required by Louisiana Revised Statutes 37:2160(A) and 37:167(A).

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,*

---

[2] Id. ¶ 6.
[3] Id. ¶ 7.
[4] Id. ¶¶ 8 an 9.
[5] Id.
[6] Id. ¶¶ 13-14.

561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

ServPro filed its original Complaint for breach of contract and open account.[7] ServPro filed an Amended Complaint which removed any mention that it performed contracting services or mold remediation.[8] The Amended Complaint also added claims for promissory estoppel/detrimental reliance and unjust enrichment.[9]

Glad Tidings maintains that because it is undisputed that ServPro did not possess a valid contractor's license or mold remediation license at the time it executed the Contract, the Contract is absolutely null. Glad Tidings argues that ServPro cannot recover on (1) its breach of contract claim because Louisiana treats mold remediation and restoration companies as contractors; (2) ServPro's promissory estoppel claim must be dismissed because the underlying contract is absolutely null, and (3) because ServPro fraudulently attempted to contract with Glad Tidings, ServPro's unjust enrichment claim must fail.

---

[7] Doc. 1.
[8] Compare Docs. 1 and 10.
[9] Id.

*Breach of Contract*

Glad Tidings argues that Louisiana Revised Statute 37:2160(A) makes the Contract an absolute nullity.  Louisiana Revised Statute 37:2160(A) provides as follows;

> A.(1) It shall be unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active license as a contactor under the provisions of this Chapter.
>
> (2) It shall be unlawful for any contractor, licensed or unlicensed, who advertises in any form or in any news medium, to advertise that he is a licensed contractor without specifying the type of license to which he is referring.
>
> Louisiana Revised Statute 37:2150.1 defines Contractor as follows:
>
> (4)(a) "Contractor" means any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, or furnishing labor together with material or equipment, or installing the same for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, or housing development, improvement, or any other construction undertaking for which the entire cost is fifty thousand dollars or more when the property is to be used for commercial purposes.

Louisiana Civil Code article 2030 states that "[a] contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral.  A contract that is absolutely null may not be confirmed." Louisiana Civil Code article 2033.

Glad Tidings relies on several Louisiana cases that have nullified contracts entered into by unlicensed contractors. See, *E.g., Executone Sys. Co. of La. v. Jefferson Par. Hosp. Serv.,* 186 So.3d 1210, 1218 (La. App. 5 Cir. 2/24/16); *Korrapati v. Augustino Bros. Const., LLC,* 302 So.3d 147, 154 (La.App. 5 Cir. 7/31/20); *Quaternary Resource Investigations,*

*LLC v. Phillips,* 316 So.3d 448, 462 (La.App. 1 Cir. 11/19/20)("Since it is illegal for a contractor to enter into a contract without being properly licensed, the court will not enforce an illegal contract by allowing a contractor to recover damages for breach of that contract."); *Touro Infirmary, Preferred Continuum Care-New Orleans, LP v. Travelers Prop. Cas. Co. of Am.,* 2007 WL 496858, at *2-5 (E.D. La. Feb. 13, 2007) ( unpublished) (holding that a contract to repair Katrina damage entered into between a hospital and an unlicensed contractor is an absolute nullity and thus "deemed never to have existed".); see also *United Stage Equip., Inc. v. Charles Carter & Co., Inc.,* 342 So.2d 1153, 1154-55 (La. App. 1 Cir. 1977); *Boxwell v. Dep't of Highways,* 14 So.2d 627, 631 (La. 1943) (quoting *Quaternary*, 316 So.3d at 462).

In *Tradewinds Environmental Restoration, Inc. v. St. Tammany Park, LLC,* 578 F.3d 255 (5th Cir. 2009), the defendant, an owner of an apartment complex damaged by two hurricanes, hired plaintiff to provide mold remediation and restoration to the damaged property. After completing the project, plaintiff filed suit to recover the balance due on the invoices. Defendant filed a counterclaim and subsequently filed a motion for summary judgment; defendant maintained that the contract was null and void because plaintiff was not a licensed contractor. Finding that plaintiff provided mold remediation services in violation of Louisiana's licensing requirements, the district court granted defendant's motion and nullified the contract; the court of appeal affirmed.

ServPro argues that the "mitigation' work it performed was "dewatering" which is excepted from the LSLBC's license requirement. See https://lslbc.louisiana.gov/faq/does-dewatering-require -a-license-from-lslbc/. Glad Tidings informs the Court that in its

Page **6** of **8**

original Complaint, ServPro alleged that "[i]t provides residential and commercial services which include . . . mold remediation . . . and storm damage restoration."[10] The scope of the work included carpet removal, drywall work, contents storage and disposition, ceiling tile and grid removal, pew removal, woodwork, air scrubber usage, water remediation, mold remediation, structural drying and selective demolition.[11] The Amended Complaint, filed after Glad Tidings filed the instant Motion to Dismiss, removed the language "contracting services" and "mold remediation,"[12] otherwise, the scope of work remained the same.

The Court finds that ServPro is a contractor as defined by Louisiana Revised Statute 37:2150.1. The Court agrees with Glad Tidings that because ServPro was not a licensed contractor in the state of Louisiana, the Contract is an absolute nullity and therefore the breach of contract claim must be dismissed.

*Promissory estoppel/detrimental reliance and unjust enrichment*

In its Amended Complaint filed after the instant Motion to Dismiss was filed, ServPro added claims of promissory estoppel/detrimental reliance and unjust enrichment. ServPro argues that its Complaint cannot be dismissed because Glad Tidings' Motion to Dismiss failed to address two of its causes of action-promissory estoppel/detrimental reliance and unjust enrichment. Glad Tidings informs the Court that ServPro added these two causes of action after the Motion to Dismiss was filed, but that it intends to file a subsequent Motion to Dismiss to fully address Defendant's newly raised theories of

---

[10] Doc. 1, ¶ 4.
[11] Id. ¶ 6.
[12] Doc. 10, ¶ 4.

recovery in its Amended Complaint.[13] Considering that the Amended Complaint was filed after the Motion to Dismiss was filed, the Court will pretermit addressing the issues concerning the two new causes of action until after the parties' arguments have been fully briefed.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss will be granted and the breach of contract claim asserted by ServPro will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 7th day of January, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[13] See footnote 14 of Glad Tidings reply in support of the Motion to Dismiss.