UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **R A C M L L C** | **CASE NO. 2:21-CV-03580** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GLAD TIDINGS ASSEMBLY OF GOD CHURCH OF LAKE CHARLES** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a "Motion to Dismiss Plaintiff's Complaint with Prejudice" (Doc. 22) by Defendant, Glad Tidings Assembly of God Church of Lake Charles ("Glad Tidings"), wherein Glad Tidings moves to dismiss Plaintiff's claims of promissory estoppel/detrimental reliance.

Also, before the Court is "Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Breach of Contract Claim" (Doc. 24) requesting that the Court vacate its prior ruling which dismissed Plaintiff's breach of contract claim.[1]   Finally, before the Court is "Objections to Memorandum Order" (Doc. 45) considered as an Appeal of the Magistrate Judge's Memorandum Order,[2] which granted Plaintiff, RACM LLC's d/b/a Servpro of Saginaw ("Servpro") Motion for Leave to File a Second Supplemental, Amended, and Restated Complaint.[3]

---

[1] Doc. 18.
[2] Doc. 42.
[3] Doc. 28.

## INTRODUCTION AND PROCEDURAL HISTORY

On or about August 27, 2020, Hurricane Laura made landfall causing significant storm and water damage to Defendant, Glad Tidings church and daycare.[4] In its Original Complaint, Plaintiff alleged the following: On September 5, 2020, Glad Tidings and Plaintiff, ServPro, executed a contract titled "Extreme Team Saginaw Authorization and Service Contract" ("Contract") for carpet removal, drywall work, contents storage and disposition, ceiling tile and grid removal, pew removal, glue removal, woodwork, air scrubber usage, water remediation, structural drying, and selective demolition.[5]

ServPro commenced work at the church and daycare on September 7, 2020; the work was substantially completed on or about September 30, 2020.[6] On December 14, 2020, Glad Tidings paid ServPro $1,500,000. On December 17, 2020, ServPro presented Glad Tidings two invoices: (1) Glad Tidings Preschool-Lake Charles, La for $1,242,543.87 and (2) Glad Tidings Church for $2,862,378.98.[7] Both invoices were due February 1, 2021.[8] Glad Tidings has refused to pay ServPro any further payments despite having received from its insurer's third-party administrator, Sedgwick, payments for ServPro's invoices, as adjusted by Sedgwick.[9]

Glad Tidings moved to dismiss the complaint[10] because at the time the parties executed the contract, ServPro was not licensed as a contractor in the state of Louisiana as

---

[4] Plaintiff's Amended Complaint, ¶ 6, Doc. 10.
[5] Id. ¶ 6.
[6] Id. ¶ 7.
[7] Id. ¶¶ 8 an 9.
[8] Id.
[9] Id. ¶¶ 13-14.
[10] Doc. 7.

required by Louisiana Revised Statutes 37:2160(A) and 37:167(A). Shortly thereafter, and before filing its opposition, Servpro filed an Amended Complaint.[11] Based on the allegations in Plaintiff's Original Complaint, the Court found that due to the scope of work alleged in the Complaint, ServPro was a contractor and required to be licensed. Consequently, the Court dismissed Plaintiff's breach of contract claim because the contract was null and void.[12]

ServPro filed an Amended Complaint and later a Motion for Leave to File the Amended Complaint.[13] In an attempt to cure the deficiencies noted by Glad Tidings in its Motion to Dismiss, Servpro removed any factual allegations that would imply that it was a contractor subject to the licensing requirement of Louisiana Revised Statutes 37:2160(A) and 37:167(A). Servpro also asserted new causes of action, namely promissory estoppel and unjust enrichment claims.[14]

The Court granted Glad Tidings' Motion to Dismiss and dismissed Servpro's breach of contract claim because the scope of work included more than mitigation work for dewatering. Consequently, the contract was null and void because Servpro was not a Louisiana licensed contractor.[15] The Motion for Leave to File the Amended Complaint was granted shortly after the Memorandum Ruling and Judgment was issued.[16]

---

[11] Doc. 10.
[12] Docs. 17 and 18.
[13] Doc. 15.
[14] Doc. 10.
[15] Docs. 17 and 18.
[16] Doc. 21.

Subsequently, Glad Tidings filed the instant Motion to Dismiss Plaintiff's claim of promissory estoppel/detrimental reliance,[17] and Servpro filed the Motion for Reconsideration based on the Amended Complaint.[18] On February 15, 2022, Servpro filed "Plaintiff's Motion for Leave to File Second Supplemental, Amending and Restated Complaint."[19] Again, Servpro filed this supplemental Complaint to cure the deficiencies noted in Glad Tidings' Motion to Dismiss. Servpro argued that the proposed amendment contained new allegations "based on newly discovered facts and communications in furtherance of defendant's unlawful conduct and newly obtained evidence supporting ServPro's causes of action for breach of contract, promissory estoppel, and unjust enrichment."[20]

After briefing, the Magistrate Judge granted ServPro's Motion for Leave specifically finding that (1) the case was in its infancy, (2) the motion for leave to file the amended complaint was not dilatory, (3) and Glad Tidings would not be prejudiced by the second amended complaint.[21]  In response to the Magistrate Judge's Order, Glad Tidings filed the instant Appeal of the Magistrate Judge's Memorandum Order.[22]

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the

---

[17] Doc. 22.
[18] Doc. 24.
[19] Doc. 28.
[20] *Id.* p. 2.
[21] Doc. 42.
[22] Doc. 45.

sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly

may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

In its Motion for Reconsideration, ServPro asks the Court to vacate its prior ruling which dismissed ServPro's breach of contract claims because ServPro was not licensed as a contractor as required by Louisiana Revised Statutes 37:2160(A) and 37:167(A). Consequently, the Court determined that the contract was null and void. Louisiana Civil Code article 2030 states that "[a] contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed." Louisiana Civil Code article 2033.

The Court specifically found that the factual allegations made by ServPro were beyond the scope of dewatering noting that ServPro alleged that "[i]t provides residential and commercial services which include . . . mold remediation . . . and storm damage restoration."[23]

As previously noted, ServPro subsequently filed a Second Amended Complaint and removed any language that might suggest that the contract included work beyond the dewatering exception to the licensing requirement. ServPro now asks the Court to vacate its prior ruling due to the Second Amended Complaint. Glad Tidings asks the Court to vacate the Magistrate Judge's ruling that allowed ServPro to file its Second Supplemental, Amended, and Restated Complaint, and lastly, Glad Tidings asks the Court to dismiss ServPro's promissory estoppel/detrimental reliance claims alleged in its complaint, as amended.

*Appeal of the Magistrate Judge's Ruling*

As noted by Glad Tidings, Serv Pro originally alleged in its Original Complaint that "[i]t provides residential and commercial services which include . . . mold remediation . . . and storm damage restoration."[24] ServPro further alleged that the damage to Glad Tidings' property "required immediate, and extensive, restoration and repair . . . and the scope . . . of the service contract included, but was not limited to, carpet removal, drywall work, contents storage and disposition, ceiling tile and grid removal, pew removal, woodwork,

---

[23] Doc. 1, ¶ 4.
[24] Doc. ¶ 4, 1, p. 2.

air scrubber usage, water remediation, mold remediation, structural drying and selective demolition."[25] In addition, ServPro represented to Glad Tidings that its Scope of Services was "to act as contractor and furnish all labor, materials, equipment. . . " "to complete the work described in the Scope of Work in Section 23 below." [26] The Scope of Work is described as follows:

> Mitigation & Reconstruction of the Glad Tidings Church (3501 Texas St) and the Glad Tidings Preschool Center (3400 Texas St) after Hurricane Laura. Worship Center Building: Mitigation of worship center building (including office & nursery spaces) Dehumidification + Drying of interior items (walls, carpet, pews, etc). Removal of water-affected elements (sheetrock, insulation, ceiling tiles, carpet) Preschool building: Same as above. . . .[27]

Rule 72(a) of the Federal Rules of Civil Procedure provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. The clearly erroneous standard of review does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently. *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015). To the contrary, "the great deference owed to the [magistrate] judge's findings compel the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them is not clearly erroneous." *Guzman*, 808 F.3d at 1036.

---

[25] *Id.* ¶ 6, pp. 1-2.
[26] Doc. 11-2 p. 1, Extreme Team Saginaw Authorization and Service Contract, dated 9/5/2020.
[27] *Id.* ¶ 23.

The Magistrate Judge's Order[28] regarding ServPro's Motion for Leave to File Second Supplemental and Amended Complaint[29] concluded that the case was in its infancy, [30] the motion to amend was not based on a dilatory motive and would not prejudice Glad Tidings. As to the prejudicial effect on Glad Tidings, the Magistrate Judge reasoned that there was no undue prejudice where the second amended complaint would require Glad Tidings to file another motion to dismiss, further noting that the complaint contained "new" factual allegations intended to address and remedy the issues raised in the motion to dismiss.

Glad Tidings remarks that ServPro's Motion for Leave to Amend comes over two months after Glad Tidings moved to dismiss, and ServPro offers no explanation for the delay in procuring this "new evidence." Glad Tidings also disagrees with the Magistrate Judge's conclusion that this case is in its infancy. Glad Tidings notes that the original theory of recovery was dismissed with prejudice about five (5) months prior to May 31, 2022, the date the instant appeal was filed. Glad Tidings remarks that the issue has been fully briefed and decided and allowing ServPro to amend its Complaint a second time would prejudice Glad Tidings because it would have to prepare another motion to dismiss and cause Glad Tidings to incur additional attorney fees and expense.

In addition, Glad Tidings argues that the Magistrate Judge did not evaluate its argument that the proposed amendment would be futile. Glad Tidings notes that ServPro's

---

[28] Doc. 42.
[29] Doc. 28.
[30] The Magistrate Judge reasoned that the motion for leave to amend was filed four months after the original complaint and one month after the second motion to dismiss was filed.

main source of support for its claim that it was not required to have a license by Louisiana State Licensing Board for Contractors ("LSLBC") was the affidavit of Michael McDuff dated February 1, 2022.[31] McDuff, the Executive Director for the LSLBC since 2008, attested that a license was not required for "dewatering."[32] ServPro's scope of work is identified herein above in ¶ 23 of the service agreement and ServPro relies on McDuff's Affidavit and attachments to argue that its scope of work would be considered "dewatering".[33]

The Court notes that attached to the Affidavit is an email and letter authored by G. Trippe Hawthorne[34] to McDuff, dated august 17, 2016. The letter was in response to ServPro's inquiry as to whether it was required to be licensed by the LSLBC for its "scope of work," as defined in that matter's service agreement. McDuff further responded in an email to Hawthorne on that same date that [s]hould Servpro our [sic] any of it's franchises working in Louisiana, undertake work beyond the mentioned scope of services included, licensure would be required."[35]

Glad Tidings asserts that the term "Reconstruction" is omitted from the "Scope of Work" of which McDuff opined, in addition to the fact that McDuff's opinion as to licensing requirement was from five (5) years prior in an unrelated event. Glad Tidings argues that the term "Reconstruction" was a part of the services rendered to it by ServPro

---

[31] Doc.24-2.
[32] *Id.* ¶ 2.
[33] *Id.* ¶ 6.
[34] Attorney for Ken Miller, LLP, re: SERVPRO Catastrophic Event Response/ Louisiana Flood Event, August 2016.
[35] Plaintiff's exhibit B, p. 7, Doc. 24-2.

which is beyond the "scope of services included in dewatering," and thus would require licensure by the LSLBC. In other words, the plain terms of the subject service agreement include reconstruction.

Next, Glad Tidings complains that the "new evidence" ServPro relied upon in filing its Motion for Leave to File the Second Supplemental Amended Complaint was available to ServPro when the parties briefed the original Rule 12(b)(6) motion to dismiss. Glad Tidings notes that legal counsel for ServPro had been informed five years prior of McDuff's opinion as to the "scope of work" and licensing requirement, and Servpro offers no explanation as to why it did not provide the affidavit when the motion to dismiss was pending. Thus, the affidavit was not "newly available."

Glad Tidings argues that McDuff is not the sole authority as to ServPro's licensing requirement and this Court has already decided same based on the pleadings and the service agreement.[36] Glad Tidings notes that Louisiana jurisprudence holds that a contract that includes mold remediation requires licensing, *Tradewind Environment Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 257 (5th Cir. 2009); *see also ABC Bldg. Contractors, Inc. v. Westbank Professional Bldg. P'ship*, 2011 WL 9160401 at *1 (La.App. 4 Cir. 11/23/11) (not reported) (finding that a contract with remediation company "for services and goods involving demolition and remediation of damage caused by Hurricane Katrina" absolutely null due to lack of licensing).

---

[36] Doc. 11-2.

Glad Tidings argues that McDuff's affidavit does not supersede Louisiana law's requirement that an entity in the business of contracting in the state of Louisiana must hold an active license pursuant to Louisiana Revised Statute 37:2160.

ServPro responds that Glad Tidings' objections are not proper because they are the same objections it made in response to the Motion for Leave to File the Second Amended Complaint. *See Lahr v. Fullbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996); *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992).

The Court finds that Glad Tiding has not showed that the Magistrate Judge's Order is clearly erroneous or contrary to law. The Court has carefully reviewed the parties' Memoranda and numerous exhibits attached thereto, and further finds that that the Motions for Reconsideration and the Motion to Dismiss pursuant to Rule 12(b)(6) should be decided on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Accordingly,

**IT IS ORDERED** that the Objections to Memorandum Order (Doc. 45) considered as an Appeal of the Magistrate Judge's Memorandum Order[37] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 22) by Defendant, Glad Tidings Assembly of God Church of Lake Charles and the Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Breach of Contract Claim" (Doc. 24) are hereby CONVERTED to a Motion for Summary Judgment.  Defendant, Glad Tidings, shall file its Statement of Material Facts and

---

[37] Doc. 42.

Memorandum in support of the Motion for Summary Judgment no later than July 6, 2022, and Plaintiff, ServPro shall file its Statement of Material Facts and Memorandum in Opposition no later than July 26, 2022. Thereafter, Glad Tidings shall file its Reply, if any it has, no later than August 3, 2022.

**IT IS FURTHER ORDERED** that a hearing on the Motion for Summary Judgment is set for August 18, 2022 at 10:00 a.m. in Lake Charles, Louisiana before the undersigned.

**THUS DONE AND SIGNED** in Chambers this 24th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**